# EXHIBIT A

1 | Arnold R. Levinson   (State Bar No. 066583)
Brian H. Kim   (State Bar No. 215492)
2 | PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
3 | 600 Montgomery St., 31st Floor
San Francisco, California 94111
4 | Telephone: (415) 433-8000
Facsimile:  (415) 433-4816
5 | Email: alevinson@pillsburylevinson.com
   bkim@pillsburylevinson.com
6 |
7 | Attorneys for Plaintiff,
KENNETH S. KLEIN

8

## UNITED STATES DISTRICT COURT

9

### SOUTHERN DISTRICT OF CALIFORNIA

10

11 KENNETH S. KLEIN,                    ) Case No.  09 CV 2843 W (NLS)
                                       )
12          Plaintiff,                 ) **PLAINTIFF'S INITIAL DISCLOSURES**
                                       )
13     vs.                             )
                                       )
14 THE NORTHWESTERN MUTUAL LIFE        )
INSURANCE COMPANY; STANDARD            )
15 INSURANCE COMPANY; FOLEY &          )
LARDNER LONG-TERM DISABILITY PLAN;)
16 and DOES 1-30, inclusive,           )
                                       )
17          Defendants.                )
                                       )

18

19          Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff Kenneth S. Klein

20 hereby makes the following Initial Disclosures:

21          **A.      Identity Of Individuals**

22          Plaintiff identifies the following individuals he anticipates possess discoverable information on

23 the claims contained in Plaintiff's Complaint, including but not limited to (1) the existence and extent

24 of Defendants Northwestern Mutual Life Insurance Company ("Northwestern") and Standard

25 Insurance Company's ("Standard") conflict of interest in their dual role as the entities funding the

26 benefits paid by The Foley & Lardner Long-Term Disability Plan ("Plan") and as the claims

27 administrators of the Plan; (2) Defendants' breaches of fiduciary duty (by, *inter alia,* maintaining a

28 secret group of legal personnel which are used to bias claims investigation and claim decisions with

-1-

1  full knowledge that such bias is improper and with full knowledge that all such activities and

2  communications are required to be made available to and provided to plan beneficiaries); and (3)

3  Defendants' failure to provide documents requested by Plaintiff to which he was entitled under 29

4  U.S.C.§1024(b)(4) and other relevant sections of ERISA:

5      Christie Schlunegger Carriles, Senior Benefit Analyst, Northwestern Mutual

6      Kim Korn, Vocational Case Manager, Standard

7      Jim Kostur, Director, Standard and Northwestern Mutual

8      Henry Garrison, M.D., Consulting Physician

9      Tony Padilla, Legal Department, Northwestern

10     Julie Bolt, Legal Department, Standard

11     Holly Truxal, Senior Paralegal, Standard

12     Laurens Dronkers, Northwestern Mutual

13     Christopher Powers, ACS, FLHC, Benefits Review Specialist, Standard and Northwestern

14  Mutual

15     James R. Clark, Foley & Lardner LLP

16     Greg W. Renz, Foley & Lardner LLP

17     **B.       Documents**

18     Categories of relevant documents in Plaintiff's counsel's possession and to be produced include

19  documents sent to or from Defendants Northwestern, Standard and Foley & Lardner, LLP in

20  connection with Plaintiff's claim for disability benefits, Bates Labeled KLEIN00001-1004.

21     **C.       Computation of Damages**

22     1.       Monthly disability benefits since October 7, 2008;

23     2.       Interest, costs and attorneys' fees herein, which are not subject to calculation at this

24  time;

25     3.       Equitable relief, including but not limited to: (1) an injunction enjoining Northwestern

26  or Standard from serving as a claims fiduciary or claims administrator with respect to Plaintiff's claim

27  under the Plans; and (2) an injunction enjoining Defendants from terminating benefits for the duration

28  of the applicable maximum period under the Plan;

-2-

PLAINTIFF'S INITIAL DISCLOSURES                    Case No.  09 CV 2843 W (NLS)

1        4.    Civil penalties of $110 per day per document (as described in 29 U.S.C. §1132(c)(1)

2    and as set forth in 29 C.F.R. §2575.502 c-1 for each document Defendants were required to provide

3    under 29 U.S.C. §1024(b)(4) and other relevant sections of ERISA) not provided by Defendants more

4    than 30 days after Plaintiff's requests.

5    **D.**    **Pertinent Insurance Agreements**

6    Northwestern Group Insurance Policy No. #L651550 issued to Foley & Lardner, LLP.

7

8    Dated: January 26, 2011          PILLSBURY & LEVINSON, LLP

9

10                  By:

11                     Arnold R. Levinson
                  Brian H. Kim

12                     Attorneys for Plaintiff,
                  KENNETH S. KLEIN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S INITIAL DISCLOSURES          Case No.  09 CV 2843 W (NLS)

**CERTIFICATE OF SERVICE**

*Klein v. The Northwestern Mutual Life Insurance Company*

I, the undersigned, declare that I am a citizen of the United States; my business address is The Transamerica Pyramid, 600 Montgomery Street, 31st Floor, San Francisco, California 94111; I am employed in the City and County of San Francisco; I am over the age of eighteen (18) years and not a party to the within action.

On January 26, 2011, I served the foregoing document(s) described as:

**PLAINTIFF'S INITIAL DISCLOSURES**

on the interested party(ies) in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Shawn Hanson (shandson@akingump.com)          Attorneys for Defendant
Akin Gump Strauss Hauer & Feld, LLP            **Northwestern Mutual Life**
580 California Street, Suite 1500              **Insurance Company; Standard**
San Francisco, CA  94104                       **Insurance Company**
Fax:   415-765-9501

☐ **BY MAIL:** I caused such envelope(s), fully prepaid, to be placed in the United States mail at San Francisco, California. I am "readily familiar" with this firm's practice for collection and processing of correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service the same day, with postage thereon fully prepaid, at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** In addition to service by mail, on this date I transmitted a copy of the foregoing document(s) to the facsimile number(s) shown above.

☒ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand on the same day, addressed to the interested party(ies) at the address(es) set forth above.

☐ **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered by FEDERAL EXPRESS, overnight delivery, addressed to the interested party(ies) at the address(es) set forth above.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 26, 2011, at San Francisco, California.

Judy M. Behr

# EXHIBIT B

*see: ARL BAR+*

1   SHAWN HANSON (SBN109321)
    shanson@akingump.com
2   MARIA ELLINIKOS (SBN 235528)
    mellinikos@akingump.com
3   DANIELLE CROCKETT (SBN 261809)
    dcrockett@akingump.com
4   **AKIN GUMP STRAUSS HAUER & FELD LLP**
    580 California Street, 15th Floor
5   San Francisco, California 94104-1036
    Telephone:    415-765-9500
6   Facsimile:    415-765-9501

7   Attorney for Defendants
    THE NORTHWESTERN MUTUAL LIFE INSURANCE
8   COMPANY, STANDARD INSURANCE COMPANY,
    FOLEY & LARDNER LLP, AND THE FOLEY &
9   LARDNER LLP LONG-TERM DISABILITY PLAN

10

11                  UNITED STATES DISTRICT COURT

12                SOUTHERN DISTRICT OF CALIFORNIA

13  KENNETH S. KLEIN,                  Case No.  09-CV-02843-TJW (NLS)

14              Plaintiff,
                                       **DEFENDANTS' INITIAL DISCLOSURES**
15       v.

16  THE NORTHWESTERN MUTUAL LIFE
    INSURANCE COMPANY; STANDARD
17  INSURANCE COMPANY; FOLEY &
    LARDNER LLP; and THE FOLEY &
18  LARDNER LLP LONG-TERM DISABILITY
    PLAN; and DOES 1 through 30, inclusive,
19

20              Defendants.

21

22       Defendants The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"),

23  Standard Insurance Company, Foley & Lardner LLP ("Foley"), and The Foley & Lardner LLP Long-

24  Term Disability Plan (collectively "Defendants") hereby submit the following initial disclosures

25  pursuant to the Court's December 16, 2010 Order.  However, as this is an action on the administrative

26  record, Defendants note that, pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), initial

27  disclosures are not required in this case.  Nonetheless, in the spirit of cooperation and without in any

28

---

DEFENDANTS' INITIAL DISCLOSURES

                                                    CASE NO. 09-02843-TJW

1 | way waiving its right to have the case heard on the administrative record, Defendants submit the

2 | following disclosures.

3 |       Defendants make these disclosures without waiver of privilege, work product protection, or

4 | other basis for non-disclosure. These disclosures are based on information reasonably available at this

5 | time. Defendants reserve the right to supplement, amend, or alter these disclosures based on

6 | information obtained in the course of discovery and litigation in this matter or otherwise.

7 | **I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

8 |       Defendants identify the following individuals, all of whom are referenced in the claim file, as

9 | likely to have discoverable information Defendants may use to support their defense. Defendants

10 | disclose the following individuals in the spirit of cooperation and in an effort to be over inclusive

11 | rather than under inclusive. Identification of the following individuals is based on an examination of

12 | the claim file, which is attached (*see* Section II). Plaintiff should review the claim file to ensure that

13 | Plaintiff is satisfied that there are no names Plaintiff believes should be added to the following list.

14 | Please note that where no address is provided for an individual, it is because either no address was

15 | available to Defendants or because any contact with the individual is to be made through Defendants'

16 | counsel of record.

17 |    A. <u>Health Care Professionals</u>

18 | Dr. Jeffrey Applestein
19 | Scripps Clinic
    3811 Valley Centre Dr S99
20 | San Diego, CA 92130 US
    Phone: (858) 764-3150

21 | Dr. James Hemp
    Scripps Clinic
22 | 4033 Third Ave Ste 210
    San Diego, CA 92103 US
23 | Phone: (619)297-5600

24 | Dr. Anila Jonnala
    Scripps Clinic Torrey Pines
25 | 10666 N Torrey Pines Rd MC 100C
    La Jolla, CA 92037 US
26 | Phone: (858) 554-2648

27 | Dr. Allen Johnson
    Scripps Clinic Torrey Pines
28 |

2

DEFENDANTS' INITIAL DISCLOSURES

CASE NO. 09-02843-TJW

10666 N Torrey Pines Rd SW206
La Jolla, CA 92037 US
Phone: (858) 554-8836

B. <u>Current and Former Employees</u>

Christie Schlunegger Carriles – Senior Disability Benefits Analyst

Kim Korn – Vocational Case Manager

Jim Kostur – Director, Group Benefits

Christopher Powers – Benefit Review Specialist

C. <u>Physicians Consulted</u>

Dr. Henry Garrison

Dr. Mark Eaton

These physicians may be contacted through counsel.

D. <u>Plaintiff</u>

Kenneth Klein
11925 Handrich Ct.
San Diego, CA 92131

E. <u>Plaintiff's Employer</u>

Foley & Lardner, LLP
777 East Wisconsin Ave
Milwaukee, WI 53202
(414) 297-5437

## II.    DOCUMENTS

See the non-privileged portions of the claim file, which Defendants are producing herewith.

## III.    DAMAGES

Defendants seek to recover their attorneys' fees and costs.

## IV.    INSURANCE

Other than the policy at issue in this lawsuit, Defendants will make available for inspection and

///

///

3

1    copying any document described by Federal Rule of Civil Procedure 26(a)(1)(iv) subject to a

2    protective order.

3

4    Dated: January 26, 2011              **AKIN GUMP STRAUSS HAUER & FELD LLP**

5

6                          By_____s/Danielle Crockett_____
                           DANIELLE CROCKETT

7                            Attorneys for Defendants
                           THE NORTHWESTERN MUTUAL LIFE

8                            INSURANCE COMPANY, STANDARD
                           INSURANCE COMPANY, FOLEY &

9                            LARDNER LLP, and THE FOLEY &
                           LARDNER LONG-TERM DISABILITY PLAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**CERTIFICATE OF SERVICE**

I, Danielle Crockett, declare:

     I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 580 California Street, Suite 1500, San Francisco, California 94104. On January 26, 2011, I served a copy of the DEFENDANTS' INITIAL DISCLOSURES via Overnight Delivery on the following:

Brian H. Kim
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111

Dated: January 26, 2011          **AKIN GUMP STRAUSS HAUER & FELD LLP**

                   By       s/Danielle Crockett
                      DANIELLE CROCKETT
                      Attorneys for Defendants
                      THE NORTHWESTERN MUTUAL LIFE
                      INSURANCE COMPANY, STANDARD
                      INSURANCE COMPANY, FOLEY &
                      LARDNER LLP, and THE FOLEY &
                      LARDNER LONG-TERM DISABILITY PLAN

DEFENDANTS' INITIAL DISCLOSURES                        CASE NO. 09-02843-TJW

## Kenneth Klein v. The Northwestern Mutual Life Ins. Co.

### PRIVILEGE LOG

| Bates Number | Date | From | To | Description | Action | Reason |
|---|---|---|---|---|---|---|
| NML1513-00427 | 9/24/08 | Law Department | Analyst | Memo re: Communication between analyst and in-house attorney regarding this claim | Withhold | **Attorney-Client Communication/Work Product** |
| NML1513-00428 To NML1513-00430 | 9/24/08 | Analyst | Law Department | Memo re: Communication between analyst and in-house attorney regarding this claim | **Withhold** | **Attorney-Client Communication/Work Product** |
| NML1513-00431 | 9/24/08 | Analyst | File | Memo re: Communication between analyst and in-house attorney regarding this claim | Withhold | **Attorney-Client Communication/Work Product** |
| NML1513-00432 | 9/24/08 | Analyst | Law Department | Fax Cover re: Communication between analyst and in-house attorney regarding this claim | **Redact** | **Attorney-Client Communication/Work Product** |

1

January 26, 2011



# EXHIBIT C

## KOSTUR, JIM

| | |
|---|---|
| **From:** | Klein, Kenneth [kklein@cwsl.edu] |
| **Sent:** | Wednesday, February 04, 2009 7:33 AM |
| **To:** | KOSTUR, JIM |
| **Cc:** | Ken Klein; Lisa Black |
| **Subject:** | Ken Klein |

In understanding your position, I think it also would be helpful for me to have a copy of any remarks/slides you prepare for, or videotape of your remarks at, the following panel of the upcoming Eastern Claims Conference in New York:

**Panel 8. The Cutting Edge of Disability Income,**
**Session One - Up Close and Personal**
*John Abbott, ALHC, FLMI*
*Northwestern Mutual, Milwaukee, WI*
*Steve Allen, FLHC, ACS, FLMI*
*Mass Mutual Springfield, MA*
***Jim Kostur, ALHC***
*Northwestern Mutual, Portland, OR*
*Ernest Patrick Smith, CPA, CFE, CVA,*
*Nawrocki Smith, LLP, Melville, NY*
This ever-popular session will address diverse, current
issues that are dealt with daily in the processing and evaluation
of all types of both Individual and Group Disability
Income Claims. Seasoned panelists will lead the discussions,
and registered attendees will be contacted in the
weeks prior to the ECC to solicit specific areas of interest.
Some examples of topic items are the impact of the current
economy on DI claims, disputed and non-disputed
settlements, and field investigations. Areas of interest submitted
by attendees will also be addressed.

3/26/2009

**NML 1513-00579**

## KOSTUR, JIM

**From:** Klein, Kenneth [kklein@cwsl.edu]
**Sent:** Tuesday, February 10, 2009 4:45 PM
**To:** KOSTUR, JIM
**Cc:** Black, Lisa; Klein, Kenneth
**Subject:** RE: Ken Klein (your claim # 00314457)

Mr. Kostur:

In your denial letter, you insinuated that Dr. Johnson's silence in response to an inquiry supported an inference from you that a substantive response by Dr. Johnson would have been harmful to my position. In that regard, I note your silence in response to the below three inquiries to you. Please do me the courtesy of either substantively responding to each, or at least confirming that you do not intend to.




Mr. Kostur:

I am in receipt of your letter dated January 26, 2009, denying my claim. I believe that your letter is inaccurate in some of its statements. These statements contradict the information in the file, as it existed when you made me a copy. In order to confirm or refute the accuracy of your letter, however, I will need to see the complete file, as information may be in the file that was not as of the date you made a copy for me. Please immediately transmit to me any materials that have been added to the file since the date of your earlier copy. Please confirm, in writing, that I now have a COMPLETE set of materials. Also, please transmit to me any claims handling policies, guidelines, or the like that pertain to the evaluation of my claim, either as it was done or as it could have been done. Finally, please note that while I am stating these requests politely, they are not informal. In the past you have not sent me any of the guidelines, policies, or the like, despite my requests. Indeed, you have not even acknowledged the requests. These are formal and appropriate requests. It would be bad faith claims handling to ignore them.




Mr. Kostur:

In light of your January 26, 2009 letter, I am going to have a conversation with Foley & lardner regarding the coverage for Class III members under the above-referenced policy – i.e., disability coverage for the law partners of the national law firm of Foley & Lardner. Your letter states the position that the physical requirements of an attorney are a "sedentary level," and that the psychological stress of the job does not create risk even for a survivor of cardiac bypass surgery. I will raise to Foley that it is not apparent exactly what disability you consider IS covered by the policy for its Class III members, and thus not apparent that the premiums are appropriate for the level of coverage. Would you please clarify your answer to this question, so I may present your answer to Foley as well?




Mr. Kostur:

3/26/2009

**NML 1513-00580**

In understanding your position, I think it also would be helpful for me to have a copy of any remarks/slides you prepare for, or videotape of your remarks at, the following panel of the upcoming Eastern Claims Conference in New York:

**Panel 8. The Cutting Edge of Disability Income,**

**Session One - Up Close and Personal**

*John Abbott, ALHC, FLMI*

*Northwestern Mutual, Milwaukee, WI*

*Steve Allen, FLHC, ACS, FLMI*

*Mass Mutual Springfield, MA*

**Jim Kostur, ALHC**

*Northwestern Mutual, Portland, OR*

*Ernest Patrick Smith, CPA, CFE, CVA,*

*Nawrocki Smith, LLP, Melville, NY*

This ever-popular session will address diverse, current

issues that are dealt with daily in the processing and evaluation

of all types of both Individual and Group Disability

Income Claims. Seasoned panelists will lead the discussions,

and registered attendees will be contacted in the

weeks prior to the ECC to solicit specific areas of interest.

Some examples of topic items are the impact of the current

economy on DI claims, disputed and non-disputed

settlements, and field investigations. Areas of interest submitted

by attendees will also be addressed.

3/26/2009

NML 1513-00581

## KOSTUR, JIM

**From:**  Klein, Kenneth [kklein@cwsl.edu]
**Sent:**  Wednesday, February 11, 2009 12:34 PM
**To:**  KOSTUR, JIM
**Cc:**  Klein, Kenneth
**Subject:** RE: Ken Klein (your claim # 00314457)

Thank you.

On a related note, the denial letter discusses the documentation found in my <u>medical records</u> to support or refute
the claim. Please confirm that the fact set on which my claim is analyzed is not limited to what documentation is
in my medical records, but rather includes all documentation that is in your <u>claim file</u> which supports or refutes my
claim.

---

**From:** jimkostur@northwesternmutual.com [mailto:jimkostur@northwesternmutual.com]
**Sent:** Wednesday, February 11, 2009 7:48 AM
**To:** Klein, Kenneth
**Subject:** RE: Ken Klein (your claim # 00314457)

Mr. Klein, I will have a response mailed to you today.

    -----Original Message-----
    **From:** Klein, Kenneth [mailto:kklein@cwsl.edu]
    **Sent:** Tuesday, February 10, 2009 4:45 PM
    **To:** KOSTUR, JIM
    **Cc:** Black, Lisa; Klein, Kenneth
    **Subject:** RE: Ken Klein (your claim # 00314457)

    Mr. Kostur:

    In your denial letter, you insinuated that Dr. Johnson's silence in response to an inquiry supported an
    inference from you that a substantive response by Dr. Johnson would have been harmful to my position. In
    that regard, I note your silence in response to the below three inquiries to you. Please do me the courtesy
    of either substantively responding to each, or at least confirming that you do not intend to.

        Mr. Kostur:

        I am in receipt of your letter dated January 26, 2009, denying my claim. I believe that your
        letter is inaccurate in some of its statements. These statements contradict the information in
        the file, as it existed when you made me a copy. In order to confirm or refute the accuracy of
        your letter, however, I will need to see the complete file, as information may be in the file that
        was not as of the date you made a copy for me. Please immediately transmit to me any
        materials that have been added to the file since the date of your earlier copy. Please confirm,
        in writing, that I now have a COMPLETE set of materials. Also, please transmit to me any
        claims handling policies, guidelines, or the like that pertain to the evaluation of my claim,
        either as it was done or as it could have been done. Finally, please note that while I am
        stating these requests politely, they are not informal. In the past you have not sent me any of
        the guidelines, policies, or the like, despite my requests. Indeed, you have not even
        acknowledged the requests. These are formal and appropriate requests. It would be bad
        faith claims handling to ignore them.

3/26/2009

NML 1513-00582

Mr. Kostur:

In light of your January 26, 2009 letter, I am going to have a conversation with Foley & lardner regarding the coverage for Class III members under the above-referenced policy – i.e., disability coverage for the law partners of the national law firm of Foley & Lardner. Your letter states the position that the physical requirements of an attorney are a "sedentary level," and that the psychological stress of the job does not create risk even for a survivor of cardiac bypass surgery. I will raise to Foley that it is not apparent exactly what disability you consider IS covered by the policy for its Class III members, and thus not apparent that the premiums are appropriate for the level of coverage. Would you please clarify your answer to this question, so I may present your answer to Foley as well?

Mr. Kostur:

In understanding your position, I think it also would be helpful for me to have a copy of any remarks/slides you prepare for, or videotape of your remarks at, the following panel of the upcoming Eastern Claims Conference in New York:

**Panel 8. The Cutting Edge of Disability Income, Session One - Up Close and Personal**
*John Abbott, ALHC, FLMI*
*Northwestern Mutual, Milwaukee, WI*
*Steve Allen, FLHC, ACS, FLMI*
*Mass Mutual Springfield, MA*
**Jim Kostur, ALHC**
*Northwestern Mutual, Portland, OR*
*Ernest Patrick Smith, CPA, CFE, CVA,*
*Nawrocki Smith, LLP, Melville, NY*
This ever-popular session will address diverse, current issues that are dealt with daily in the processing and evaluation of all types of both Individual and Group Disability Income Claims. Seasoned panelists will lead the discussions, and registered attendees will be contacted in the weeks prior to the ECC to solicit specific areas of interest. Some examples of topic items are the impact of the current economy on DI claims, disputed and non-disputed settlements, and field investigations. Areas of interest submitted by attendees will also be addressed.

This e-mail and any attachments may contain confidential information of Northwestern Mutual. If you are not the intended recipient of this message, be aware that any disclosure, copying, distribution or use of this e-mail and any attachments is prohibited. If you have received this e-mail in error, please notify Northwestern Mutual immediately by returning it to the sender and delete all copies from your system. Please be advised that communications received via the Northwestern Mutual Secure Message Center are secure. Communications that are not received via the Northwestern Mutual Secure Message Center may not be secure and could be observed by a third party. Thank you for your cooperation.

NML 1513-00583

**KOSTUR, JIM**

---

**From:**      Klein, Kenneth [kklein@cwsl.edu]
**Sent:**      Tuesday, February 17, 2009 8:56 PM
**To:**        KOSTUR, JIM
**Cc:**         Klein, Kenneth
**Subject:**    RE: Ken Klein (your claim # 00314457)

I write to you in reference to the below email chain.  I received your letter today.  You do not address at all the following inquiries:

*Also, please transmit to me any claims handling policies, guidelines, or the like that pertain to the evaluation of my claim, either as it was done or as it could have been done.*

*Your letter states the position that the physical requirements of an attorney are a "sedentary level," and that the psychological stress of the job does not create risk even for a survivor of cardiac bypass surgery.  I will raise to Foley that it is not apparent exactly what disability you consider IS covered by the policy for its Class III members, and thus not apparent that the premiums are appropriate for the level of coverage.  Would you please clarify your answer to this question, so I may present your answer to Foley as well?*

*I think it also would be helpful for me to have a copy of any remarks/slides you prepare for, or videotape of your remarks at, the following panel of the upcoming Eastern Claims Conference in New York.*

In other words, you neither provide responsive information nor state that you will not.  You simply continue to meet the questions with silence.

In your cover letter, you express confusion regarding whether my earlier corrspondence is my appeal.  It is not.  My appeal will be forthcoming.

---

**From:** jimkostur@northwesternmutual.com [mailto:jimkostur@northwesternmutual.com]
**Sent:** Wed 2/11/2009 7:47 AM
**To:** Klein, Kenneth
**Subject:** RE: Ken Klein (your claim # 00314457)

Mr. Klein,  I will have a response mailed to you today.

        -----Original Message-----
        **From:** Klein, Kenneth [mailto:kklein@cwsl.edu]
        **Sent:** Tuesday, February 10, 2009 4:45 PM
        **To:** KOSTUR, JIM
        **Cc:** Black, Lisa; Klein, Kenneth
        **Subject:** RE: Ken Klein (your claim # 00314457)

        Mr. Kostur:

        In your denial letter, you insinuated that Dr. Johnson's silence in response to an inquiry supported an inference from you that a substantive response by Dr. Johnson would have been harmful to my position.  In that regard, I note your silence in response to the below three inquiries to you.  Please do me the courtesy of either substantively responding to each, or at least confirming that you do not intend to.

3/26/2009

NML 1513-00584

Mr. Kostur:

I am in receipt of your letter dated January 26, 2009, denying my claim. I believe that your letter is inaccurate in some of its statements. These statements contradict the information in the file, as it existed when you made me a copy. In order to confirm or refute the accuracy of your letter, however, I will need to see the complete file, as information may be in the file that was not as of the date you made a copy for me. Please immediately transmit to me any materials that have been added to the file since the date of your earlier copy. Please confirm, in writing, that I now have a COMPLETE set of materials. Also, please transmit to me any claims handling policies, guidelines, or the like that pertain to the evaluation of my claim, either as it was done or as it could have been done. Finally, please note that while I am stating these requests politely, they are not informal. In the past you have not sent me any of the guidelines, policies, or the like, despite my requests. Indeed, you have not even acknowledged the requests. These are formal and appropriate requests. It would be bad faith claims handling to ignore them.

Mr. Kostur:

In light of your January 26, 2009 letter, I am going to have a conversation with Foley & lardner regarding the coverage for Class III members under the above-referenced policy -- i.e., disability coverage for the law partners of the national law firm of Foley & Lardner. Your letter states the position that the physical requirements of an attorney are a "sedentary level," and that the psychological stress of the job does not create risk even for a survivor of cardiac bypass surgery. I will raise to Foley that it is not apparent exactly what disability you consider IS covered by the policy for its Class III members, and thus not apparent that the premiums are appropriate for the level of coverage. Would you please clarify your answer to this question, so I may present your answer to Foley as well?

Mr. Kostur:

In understanding your position, I think it also would be helpful for me to have a copy of any remarks/slides you prepare for, or videotape of your remarks at, the following panel of the upcoming Eastern Claims Conference in New York:

**Panel 8. The Cutting Edge of Disability Income,**

**Session One - Up Close and Personal**

*John Abbott, ALHC, FLMI*

*Northwestern Mutual, Milwaukee, WI*

*Steve Allen, FLHC, ACS, FLMI*

3/26/2009

NML 1513-00585

*Mass Mutual Springfield, MA*

**Jim Kostur, ALHC**

*Northwestern Mutual, Portland, OR*

*Ernest Patrick Smith, CPA, CFE, CVA.*

*Nawrocki Smith, LLP, Melville, NY*

This ever-popular session will address diverse, current

issues that are dealt with daily in the processing and evaluation

of all types of both Individual and Group Disability

Income Claims. Seasoned panelists will lead the discussions,

and registered attendees will be contacted in the

weeks prior to the ECC to solicit specific areas of interest.

Some examples of topic items are the impact of the current

economy on DI claims, disputed and non-disputed

settlements, and field investigations. Areas of interest submitted

by attendees will also be addressed.

This e-mail and any attachments may contain confidential information of Northwestern Mutual. If you are not the intended recipient of this message, be aware that any disclosure, copying, distribution or use of this e-mail and any attachments is prohibited. If you have received this e-mail in error, please notify Northwestern Mutual immediately by returning it to the sender and delete all copies from your system. Please be advised that communications received via the Northwestern Mutual Secure Message Center are secure. Communications that are not received via the Northwestern Mutual Secure Message Center may not be secure and could be observed by a third party. Thank you for your cooperation.

3/26/2009

NML 1513-00586

Message

# KOSTUR, JIM

| | |
|---|---|
| **From:** | KOSTUR, JIM |
| **Sent:** | Wednesday, February 11, 2009 7:48 AM |
| **To:** | 'Klein, Kenneth' |
| **Subject:** | RE: Ken Klein (your claim # 00314457) |

Mr. Klein, I will have a response mailed to you today.

-----Original Message-----
**From:** Klein, Kenneth [mailto:kklein@cwsl.edu]
**Sent:** Tuesday, February 10, 2009 4:45 PM
**To:** KOSTUR, JIM
**Cc:** Black, Lisa; Klein, Kenneth
**Subject:** RE: Ken Klein (your claim # 00314457)

Mr. Kostur:

In your denial letter, you insinuated that Dr. Johnson's silence in response to an inquiry supported an inference from you that a substantive response by Dr. Johnson would have been harmful to my position. In that regard, I note your silence in response to the below three inquiries to you. Please do me the courtesy of either substantively responding to each, or at least confirming that you do not intend to.

Mr. Kostur:

I am in receipt of your letter dated January 26, 2009, denying my claim. I believe that your letter is inaccurate in some of its statements. These statements contradict the information in the file, as it existed when you made me a copy. In order to confirm or refute the accuracy of your letter, however, I will need to see the complete file, as information may be in the file that was not as of the date you made a copy for me. Please immediately transmit to me any materials that have been added to the file since the date of your earlier copy. Please confirm, in writing, that I now have a COMPLETE set of materials. Also, please transmit to me any claims handling policies, guidelines, or the like that pertain to the evaluation of my claim, either as it was done or as it could have been done. Finally, please note that while I am stating these requests politely, they are not informal. In the past you have not sent me any of the guidelines, policies, or the like, despite my requests. Indeed, you have not even acknowledged the requests. These are formal and appropriate requests. It would be bad faith claims handling to ignore them.

Mr. Kostur:

In light of your January 26, 2009 letter, I am going to have a conversation with Foley & lardner regarding the coverage for Class III members under the above-referenced policy -- i.e., disability coverage for the law partners of the national law firm of Foley & Lardner. Your letter states the position that the physical requirements of an attorney are a "sedentary level," and that the psychological stress of the job does not create risk even for a survivor of cardiac bypass surgery. I will raise to Foley that it is not apparent exactly what disability you consider

3/26/2009

**NML 1513-00601**

IS covered by the policy for its Class III members, and thus not apparent that the premiums are appropriate for the level of coverage. Would you please clarify your answer to this question, so I may present your answer to Foley as well?

Mr. Kostur:

In understanding your position, I think it also would be helpful for me to have a copy of any remarks/slides you prepare for, or videotape of your remarks at, the following panel of the upcoming Eastern Claims Conference in New York:

**Panel 8. The Cutting Edge of Disability Income,**

**Session One - Up Close and Personal**

*John Abbott, ALHC, FLMI*

*Northwestern Mutual, Milwaukee, WI*

*Steve Allen, FLHC, ACS, FLMI*

*Mass Mutual Springfield, MA*

**Jim Kostur, ALHC**

*Northwestern Mutual, Portland, OR*

*Ernest Patrick Smith, CPA, CFE, CVA,*

*Nawrocki Smith, LLP, Melville, NY*

This ever-popular session will address diverse, current

issues that are dealt with daily in the processing and evaluation

of all types of both Individual and Group Disability

Income Claims. Seasoned panelists will lead the discussions,

and registered attendees will be contacted in the

weeks prior to the ECC to solicit specific areas of interest.

Some examples of topic items are the impact of the current

economy on DI claims, disputed and non-disputed

settlements, and field investigations. Areas of interest submitted



3/26/2009

Message

by attendees will also be addressed.

3/26/2009

NML 1513-00603

# EXHIBIT D

## Jim Kostur

Director at The Standard

Portland, Oregon Area    Insurance

| | |
|---|---|
| Current | • Director at The Standard<br>• Director, Group Benefits at Northwestern Mutual Life |
| Education | • Washington State University |
| Connections | **2 connections** |

## Jim Kostur's Experience

**Director**

**The Standard**

Insurance industry

Currently holds this position

**Director, Group Benefits**

**Northwestern Mutual Life**

Insurance industry

1990 – Present (21 years)

## Jim Kostur's Education

**Washington State University**

1975 – 1977

## Jim Kostur's Contact Settings

**Interested In**

- career opportunities
- job inquiries
- getting back in touch

- consulting offers
- expertise requests

## View Jim Kostur's full profile to...

- See who you and **Jim Kostur** know in common
- Get introduced to **Jim Kostur**
- Contact **Jim Kostur** directly

[ View Full Profile ]

LinkedIn Corporation © 2011